UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLAYTON-M. BERNARD-EX, | Case No.: 2:22-cv-01885-MMD-EJY |
| Plaintiff, | **ORDER** |
| v. | **and** |
| BOARD OF COUNTY COMMISSIONERS, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

*Pro se* Plaintiff filed an application to proceed *in forma pauperis* and initiating documents in an attempt to commence a civil action in this Court. ECF Nos. 1, 1-1 through 1-4. The initiating documents consists of a "Civil Cover Sheet" (ECF No. 1-1), an "Order for Change of Name" (ECF No. 1-2), a letter from the Election Department in North Las Vegas, Nevada (ECF No. 1-3), and a "Consent for Electronic Service of Documents" (ECF No. 1-4).

Plaintiff's application to proceed *in forma pauperis*, required by 28 U.S.C. § 1915(a), demonstrate he is unable prepay court filing fees and costs or give security for them. ECF No. 1. Plaintiff's *in forma pauperis* application is granted.

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). Here, however, Plaintiff did not file a complaint. His initiating documents fail to allege any facts or state any claim for relief. To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff is referred to Federal Rule of Civil Procedure 8, which states in pertinent part that a complaint seeking relief must contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Plaintiff is also referred to Federal Rule of Civil Procedure 10, which states in pertinent part:

"The title of the complaint must name all the parties" and "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

**I.      Order**

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**II.     Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's initiating documents (ECF Nos. 1-2 and 1-3) be DISMISSED without prejudice with leave to amend.

IT IS FURTHER RECOMMENDED that the Clerk of the Court send Plaintiff the approved form for filing a § 1983 complaint and instructions for the same.

IT IS FURTHER RECOMMENDED that Plaintiff be given until **December 8, 2022** to file a complaint.  Plaintiff is advised that if he chooses to file a complaint, the complaint must include all facts and all claims for relief on which he seeks relief.  The complaint must comply with Local Special Rule 2-1 requiring a complaint by a person who is not represented by an attorney to be submitted on the form provided by this Court and contain substantially all the information called for by the Court's form.  Plaintiff is also directed to Federal Rules of Civil Procedure 8 and 10 quoted above.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file a complaint by or before **December 8, 2022**, the Court dismiss this matter without prejudice.

DATED this 9th day of November, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

2

held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).